IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Tristrata Technology, Inc. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Milbar Laboratories, Inc. )<br>)<br>    Defendant. )<br>) | Civil Action No. 05-801-JJF |

### DEFENDANT MILBAR LABORATORIES
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant Milbar Laboratories, Inc. ("Milbar") answers the Complaint filed by Tristrata Technology, Inc. ("Tristrata" or "Plaintiff") as follows:

### SUMMARY OF COMPLAINT

1. Milbar admits this is a Complaint that purports to set forth a claim for patent infringement but denies the remainder of the averments of Paragraph 1 of the Complaint.

2. Milbar is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint and on that basis denies each and every averment contained therein.

3. Milbar admits that it received a notice of the patents-in-suit asserted against it including the '171, '938, '677, '988 and '370 patents in April 2006. As to the remaining averments in Paragraph 3 of the Complaint, Milbar is without sufficient knowledge or information to form a belief as to the truth of the averments and on that basis denies each and every averment contained therein.

4. Milbar denies the averments of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint states a legal conclusion for which a response is not required.

6. Paragraph 6 of the Complaint states a legal conclusion for which a response is not required.

## THE PARTIES

7. Milbar is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint and on that basis denies each and every averment contained therein.

8. Milbar admits that it is a Connecticut corporation with its principal place of business in Connecticut. Milbar denies the remainder of the averments of Paragraph 8 of the Complaint.

## THE PATENTS

9. Milbar is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 9 of the Complaint and on that basis denies each and every averment contained therein.

10. Milbar is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 10 of the Complaint and on that basis denies each and every averment contained therein.

11. Milbar is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 11 of the Complaint and on that basis denies each and every averment contained therein.

12. Milbar is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint and on that basis denies each and every averment contained therein.

13. Milbar is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 13 of the Complaint and on that basis denies each and every averment contained therein.

14. Milbar is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 14 of the Complaint and on that basis denies each and every averment contained therein.

15. Milbar is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 15 of the Complaint and on that basis denies each and every averment contained therein.

## FIRST CLAIM FOR RELIEF

16. Milbar repeats and re-alleges the answers to Paragraphs 1 through 15 as if fully set forth herein.

17. Milbar denies the averments of Paragraph 17 of the Complaint. Milbar affirmatively denies that its products infringe the '171 Patent.

18. Milbar denies the averments of Paragraph 18 of the Complaint.

19. Milbar denies the averments of Paragraph 19 of the Complaint.

20. Milbar denies the averments of Paragraph 20 of the Complaint.

21. Milbar admits it received a notice of the '171 Patent in April 2006. Milbar denies the remainder of the averments of Paragraph 21.

22. Milbar denies the averments of Paragraph 22 of the Complaint.

## SECOND CLAIM FOR RELIEF

23. Milbar repeats and re-alleges the answers to Paragraphs 1 through 23 as if fully set forth herein.

24. Milbar denies the averments of paragraph 24 of the Complaint. Milbar affirmatively denies that its products infringe the '938 Patent.

25. Milbar denies the averments of Paragraph 25 of the Complaint.

26. Milbar denies the averments of Paragraph 26 of the Complaint.

27. Milbar denies the averments of Paragraph 27 of the Complaint.

28. Milbar admits it received a notice of the '938 Patent in April 2006. Milbar denies the remainder of the averments of Paragraph 28.

29. Milbar denies the averments of Paragraph 29 of the Complaint.

## THIRD CLAIM FOR RELIEF

30. Milbar repeats and re-alleges the answers to Paragraphs 1 through 29 as if fully set forth herein.

31. Milbar denies the averments of Paragraph 31 of the Complaint. Milbar affirmatively denies that its products infringe the '677 Patent.

32. Milbar denies the averments of Paragraph 32 of the Complaint.

33. Milbar denies the averments of Paragraph 33 of the Complaint.

34. Milbar denies the averments of Paragraph 34 of the Complaint.

35. Milbar admits it received a notice of the '677 Patent in April 2006. Milbar denies the remainder of the averments of Paragraph 35.

36. Milbar denies the averments of Paragraph 36 of the Complaint.

## FOURTH CLAIM FOR RELIEF

37. Milbar repeats and re-alleges the answers to Paragraphs 1 through 36 as if fully set forth herein.

38. Milbar denies the averments of Paragraph 38 of the Complaint. Milbar affirmatively denies that its products infringe the '988 Patent.

39. Milbar denies the averments of Paragraph 39 of the Complaint.

40. Milbar denies the averments of Paragraph 40 of the Complaint.

41. Milbar denies the averments of Paragraph 41 of the Complaint.

42. Milbar admits it received a notice of the '988 Patent in April 2006. Milbar denies the remainder of the averments of Paragraph 42.

43. Milbar denies the averments of Paragraph 43 of the Complaint.

## FIFTH CLAIM FOR RELIEF

44. Milbar repeats and re-alleges the answers to Paragraphs 1 through 43 as if fully set forth herein.

45. Milbar denies the averments of Paragraph 45 of the Complaint. Milbar affirmatively denies that its products infringe the '370 Patent.

46. Milbar denies the averments of Paragraph 46 of the Complaint.

47. Milbar denies the averments of Paragraph 47 of the Complaint.

48. Milbar denies the averments of Paragraph 48 of the Complaint.

49. Milbar admits it received a notice of the '370 Patent in April 2006. Milbar denies the remainder of the averments of Paragraph 49.

50. Milbar denies the averments of Paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

51. The Complaint fails to state a claim upon which relief can be granted including, but not limited to, failure to identify the Milbar products alleged to infringe the patents-in-suit.

### SECOND AFFIRMATIVE DEFENSE

52. This Court lacks personal jurisdiction over Milbar.

### THIRD AFFIRMATIVE DEFENSE

53. All or a portion of Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

54. All or a portion of Plaintiff's claims are barred due to laches.

### FIFTH AFFIRMATIVE DEFENSE

55. All or a portion of Plaintiff's claims are barred by the Plaintiff's failure to mark pursuant to 35 U.S.C. § 287.

### SIXTH AFFIRMATIVE DEFENSE

56. Milbar affirmatively denies its products infringe the patents-in-suit or that it has induced or contributed to such infringement.

### SEVENTH AFFIRMATIVE DEFENSE

57. Milbar alleges, upon information and belief, that the patents-in-suit asserted against it including the '171, '938, '677, '988 and '370 patents are invalid and/or unenforceable for failure to comply with the patent statutes including, but not limited to, 35 U.S.C. §§ 102, 103, 112, 113, 120 and 121.

RLF1-2808019-1

### EIGHTH AFFIRMATIVE DEFENSE

58. Milbar alleges, upon information and belief, that by reason of proceedings in the United States Patent and Trademark Office during the prosecution of the family of applications leading to the '171, '938, '677, '988 and '370 patents, the claims of these patents were limited by prosecution history estoppel, as well as by the prior art, so that Plaintiff is now estopped from maintaining that these Patents are of such scope as to cover or embrace any of Milbar's accused products or processes.

### NINTH AFFIRMATIVE DEFENSE

59. Service of process was insufficient or improper.

WHEREFORE, Milbar respectfully requests as follows:

A. That all of the relief requested in Tristrata's Complaint be denied with prejudice and that the Complaint be dismissed with prejudice.

B. That Milbar be entitled to recover the costs of this suit including all attorneys' fees incurred as a result of this suit.

C. That this Court award such other and further relief as it deems just and proper.

/s/ Jeffrey L. Moyer
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Matthew W. King (#4566)
king@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
Attorneys for Defendant
Milbar Laboratories, Inc.

Of Counsel:
Stuart Margolis, Esquire
Berdon, Young & Margolis, P.C.
132 Temple Street
New Haven, CT 06510

Dated: June 30, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on June30, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND**

Arthur G. Connolly, III
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P. O. Box 2207
Wilmington, DE 19899

_____
Matthew W. King (#4566)
king@rlf.com

RLF1-2997050-1